## The People of the State of Illinois for use of State Board of Health, Defendant in Error, v. A. G. Fairfax, Plaintiff in Error.

### Gen. No. 17,598.

1. PHYSICIANS AND SURGEONS—*form of verdict in action for practicing medicine without a license*. Where the issue under the pleadings is whether defendant, accused of practicing medicine without a license, is guilty of a second offense and if not found guilty no fine could be imposed thereunder for a first offense, it is proper to give the jury only a form for a verdict of guilty of a second offense in case they find defendant guilty.

2. PHYSICIANS AND SURGEONS—*practicing medicine without a license*. A statement of claim is sufficient on which to base a claim for second conviction for practicing medicine without a license, where it states that the claim is for $200.00 for a penalty as provided for a subsequent offense of a violation of a certain act described, that it is the contention of plaintiff that defendant has practiced medicine as defined in section 7 of said act without a license as provided for in sections 2 and 3 of the act, that the offense was committed in Chicago on or about a certain date, and that defendant has been previously convicted of the offense.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed June 24, 1913.

EDWARD H. MORRIS, for plaintiff in error.

CHARLES ALLING, JR., for defendant in error.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

An action was brought by the People of the State of Illinois, for the use of the State Board of Health, against A. G. Fairfax, plaintiff in error, to recover a penalty for the alleged violation of chap. 91, par. 13, Hurd's R. S. 1911. There was a trial by jury and a verdict finding defendant guilty, and fining him $200.

After overruling a motion for a new trial, judgment was entered on the verdict.

It is urged that the court below improperly instructed the jury as to the verdict. By the instruction the jury were told that in case they found the defendant guilty, they were to use the form for verdict submitted by the court, which was:

"We, the jury, find the defendant guilty of a violation of an act to regulate the practice of medicine in the State of Illinois and to repeal an act therein named, approved April 24, 1899, in force July 1, 1899, and we further find that the defendant has been previously convicted in the Municipal Court of Chicago, on the 25th day of November, A. D. 1910, for practicing medicine without a license so to do, and assess a fine against the defendant, A. G. Fairfax, in the sum of $200."

On the question of whether there had been a prior conviction of the plaintiff in error, there was offered in evidence a certified copy of a judgment entered in the Municipal Court of Chicago November 25, 1910, in which the People of the State of Illinois, for the use of the State Board of Health, were plaintiffs against the plaintiff in error, Case No. 301,391. There was also evidence offered which was not controverted showing that plaintiff in error was the same person named as defendant in the record of the former conviction. Neither of these facts was challenged either in the affidavit of merits or in the evidence at the trial. The issue for the jury under the pleadings was whether defendant was guilty of a "subsequent offense," the penalty for which is $200, and not for a first offense. If not found guilty of a second offense, no fine could be imposed thereunder for a first offense. The form of verdict was therefore correct.

It is further urged as a ground for reversal that the statement of plaintiff's claim was not sufficient to base a claim for second conviction. The amended

statement of claim filed March 11, 1911, states as follows:

"The claim of the plaintiffs is for two hundred dollars, for a penalty as provided for a subsequent offense of a violation of an Act (describing it). It is the contention of the plaintiffs that the defendant has practiced medicine as defined in Section 7 of said act by treating and professing to treat and prescribing certain material remedies for the physical ailment of another person, without a license so to do as provided for in Sections 2 and 3 of the said act. The said offense was committed in the City of Chicago on or about December 21 and 22, 1910. Defendant has been previously convicted of practicing medicine without a license in Illinois, No. 302,191."

This statement of claim was sufficient to apprise the defendant, plaintiff in error, of the nature of the suit and that a prior conviction would be relied upon.

There is no material error in the record, and the judgment is affirmed.

*Affirmed.*